IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THERESA ANASTASIO and VERNON ANASTASIO, Plaintiffs, v. HARVEY KAHN, JR., ACME MARKETS, SANFORD M. SANDELMAN c/o KIN PROPERTIES, INC., SULYSE TRUSTS by and through SANFORD M. SANDELMAN c/o KIN PROPERTIES, INC., and SUSTEVE TRUSTS by and through SANFORD M. SANDELMAN c/o KIN PROPERTIES, INC., Defendants. | : : : : : : : : : : : : : : : : : | CIVIL ACTION

NO. 09-5213 |

**DuBOIS, J.**                                                                                                       **January 13, 2010**

**M E M O R A N D U M**

**I. INTRODUCTION**

This is an action asserted under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq.*, and Pennsylvania common law of tort. Plaintiffs' claims arise out of an alleged motorized scooter accident which occurred in a parking lot adjacent to an Acme supermarket located in Philadelphia, Pennsylvania. This Court has jurisdiction over the ADA claim pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367. Presently before the Court is defendants' motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), Counts III, VI, X, and XIV of plaintiffs' Complaint, alleging strict liability tort claims against Acme Markets ("Acme") and several entities allegedly responsible for

leasing the parking lot property to Acme. For the reasons set forth below, the Court grants the motion and dismisses Counts III, VI, X, and XIV of the Complaint.

## II. BACKGROUND[1]

On February 16, 2008, at approximately 12:02 pm, plaintiff Theresa Anastasio was operating a battery-powered scooter, exiting the Acme supermarket located at 1400 East Passyunk Avenue, Philadelphia, Pennsylvania. (Compl. ¶ 3.) Anastasio exited onto the sidewalk, which was at the same level as the parking area. (Compl. ¶ 5.) There were "no marked crossings, crosswalks, skywalks, tunnels or any other sort of pathway, markings or stripings on the premises to mark off where a pedestrian... could go to be sure they were safe from motor traffic." (Compl. ¶ 7.) Defendant Harvey Kahn, Jr., who was operating a vehicle within the parking area at the same time, struck Anastasio's scooter and knocked Anastasio to the ground. (Compl. ¶¶ 6, 19.) As a result of the incident, Anastasio sustained several wrist fractures and "other bodily injuries," which necessitated the surgical implantation of screws and plates in her wrist and physical therapy. (Compl. ¶ 8.)

Defendant Sanford M. Sandelman owned the above-described property, and "leased and/or provided" the property to defendant Acme for use as a parking lot for the supermarket. (Compl. ¶¶ 32, 53-54.) Defendants Sulyse Trusts and Susteve Trusts are "fiduciary relationships regarding property, enforceable solely in equity, and charging the person with title to the [parking lot] property, defendant [Sandelman], with equitable duties to deal with it for another's benefit." (Compl. ¶¶ 16-17.)

---

[1] The facts are taken from the Complaint and are presented in the light most favorable to plaintiffs.

## III. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, in response to a pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion. In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the Court "accept[s] all factual allegations as true, [and] construe[s] the complaint in the light most favorable to the plaintiff...." Phillips v. County of Allegheny, 515 F.3d 224, 231, 233 (3d Cir. 2008) (internal quotations omitted).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level....'" Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). To satisfy the plausibility standard, a plaintiff's allegations must show that defendant's liability is more than "a sheer possibility." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

In Twombly, the Supreme Court utilized a "two-pronged approach" which it later formalized in Iqbal. Iqbal, 129 S. Ct. at 1950; Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Under this approach, a district court first identifies those factual allegations which constitute nothing more than "legal conclusions" or "naked assertions." Twombly, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded. Iqbal, 129 S. Ct. at 1950. The court then assesses "the 'nub' of the plaintiff[']s] complaint – the well-

pleaded, nonconclusory factual allegation[s]... to determine" whether it states a plausible claim for relief. Id.

**IV. DISCUSSION**

Defendants Acme Markets, Sandelman, Sulyse Trusts, and Susteve Trusts move to dismiss all strict liability counts asserted by plaintiffs in the Complaint. Defendants argue that they cannot be held strictly liable for alleged "defects" in the parking lot because a parking lot is not a "product" within the meaning of Pennsylvania law and because defendants are not "sellers" as defined by state law.

### A. Second Restatement of Torts – Section 402A

Pennsylvania has adopted the doctrine of strict liability as set out in Section 402A of the Second Restatement of Torts. Estate of Hicks v. Dana Cos., LLC, Nos. 3088 EDA 2006, 3089 EDA 2006, 2009 WL 3855179, at *25 (Pa. Super. Ct. Nov. 18, 2009) (citing Webb v. Zern, 220 A.2d 853 (Pa. 1966)). Section 402A states, in relevant part:

> (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
>    (a) the seller is engaged in the business of selling such a product, and
>    (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

Thus, under Pennsylvania law, a defendant must be a "seller" of a "product" in order to be subject to a claim of strict liability. Defendants argue that plaintiffs' claims are deficient, because as owners and operators of property utilized as a parking lot, they are not in the business of selling a product.

### B. Analysis

This Court is not aware of any Pennsylvania state court or Third Circuit decision which

specifically addresses the question of whether the owner or operator of a parking lot adjacent to a retail store, providing parking for customers of that store, may be considered a seller of a product under Section 402A. In general, Pennsylvania courts have "expansively interpreted the term 'seller.'" Voelker v. United Airlines, Inc., No. 93-1653, 1993 WL 274012, at *2 (E.D. Pa. July 6, 1993) (citing Musser v. Vilsmeier Auction Co., Inc., 562 A.2d 279, 281-82 (Pa. 1989)). The Pennsylvania Supreme Court has extended the conventional meaning of seller to include "those who market by sale, lease or bailment." Musser, 562 A.2d 279, 281 (Pa. 1989). In cases of lease or bailment, however, a defendant may be subject to strict liability only where the transaction possesses the attributes of a sale – i.e., the passing of possession of some tangible object from the "seller" to another. See Greenwood v. Busch Entm't Corp., 101 F. Supp. 2d 292, 295 (E.D. Pa. 2000). Thus, notwithstanding Pennsylvania's broad definition, the word "seller" must still involve the "transfer of possession of the subject product." Voelker, 1993 WL 274012, at *2.

The Voelker court held that United Airlines was not a seller and therefore was not subject to a claim of strict liability under Section 402A, insofar as it was "not in the business of transferring the possession of aircraft in any way." Id. Likewise, the court in Greenwood held that an amusement park could not be strictly liable for injuries caused by a water slide because "there was no relinquishment of control or possession of [the slide] to [plaintiff]." 101 F. Supp. 2d at 295.[2]

---

[2] Plaintiffs' reliance on two other Pennsylvania state court cases and an Eastern District case which permitted strict liability claims to proceed against amusement parks is misplaced. All three cases involved amusement park rides in which allegedly defective products were delivered into the temporary possession of the plaintiffs. See Coppersmith v. Herco Inc., No. 2351 S 1995, 1996 WL 780967, at *3 (Pa. Ct. Com. Pl. Feb. 7, 1996) (defendant supplied plaintiff with a ride which put plaintiff in possession of a raft that was allegedly defective); Eljizi v. Dorney Park Coaster Co., No. 92-C-2322, 1996 WL 1038823, at *4 (Pa. Ct. Com. Pl. June 19, 1996) (defendant supplied plaintiff with a ride which "involved putting plaintiff in possession of a roller coaster car with a seat belt which was allegedly defective"); Hipps v. Busch Entm't Corp., No. 97-1907, 1997 WL 535181 (E.D. Pa. July 31, 1997) (plaintiff permitted to assert strict liability claims against amusement park in relation to an allegedly defective ride in which guests rode down water slides in "giant raft-like tubes").

In support of its holding, Greenwood cited a comment to Section 20 of the Third Restatement of Torts, entitled "Definition Of 'One Who Sells Or Otherwise Distributes,'" which states "[i]f the product is not used up or consumed, the transaction is usually not treated as a sale of a product, but rather as a service." 101 F. Supp. 2d at 295 (citing Restatement (Third) of Torts: Prods. Liab. § 20 Reporters' Note, cmt. d).

Like the airline in Voelker and the amusement park in Greenwood, the owners and operators of the parking lot in the instant case simply cannot be defined as sellers. As in those cases, there is no transfer of possession from defendants to plaintiffs. The provision of parking spaces for the adjacent supermarket is more akin to the provision of a service than to the sale of a product as defined in Section 402A.

This conclusion is further supported by a series of Pennsylvania state and federal cases which have concluded that strict liability principles are generally inapplicable to real property under Pennsylvania law. See, e.g., Cox v. Shaffer, 302 A.2d 456, 457 (Pa. Super. Ct. 1973) (silo on employer's land in which employee suffocated and died was not a "product" within the intent and meaning of Section 402A); Burrows v. Jones, No. 502-88, 1992 WL 573026, at *2 (Pa. Ct. Com. Pl. Nov. 18, 1992) (prefabricated home not a product under Pennsylvania law for Section 402A purposes); Seats v. Hooper, No. 96-3244, 1997 WL 39564, at *4 (E.D. Pa. Jan. 21, 1997) (noting that Pennsylvania "does not appear to have recognized real property as a 'product'"). Moreover, this reasoning is in line with the decisions of numerous other jurisdictions which have addressed similar facts, albeit under varying state strict liability laws. Milam v. Midland Corp., 665 S.W.2d 284, 284-85 (Ark. 1984) (street in residential subdivision not a product for sale within meaning of strict liability doctrine); Fisher v. Morrison Homes, Inc., 109 Cal. App. 3d 131, 138 n.2 (Cal. Ct.

App. 1980) ("Highways and... pathways, are not 'products' placed in the stream of commerce for profit, but are more akin to a service."); Edward M. Chadbourne, Inc. v. Vaughn, 491 So.2d 551 (Fla. 1986) (public road was not a product for purposes of strict liability analysis); Pennington v. Cecil N. Brown Co., Inc., 371 S.E.2d 106, 107 (Ga. Ct. App. 1988) (contractor which constructed church parking lot was builder of improvements to real property and not manufacturer of defective personal property, and therefore could not be liable under strict liability claim); Lowrie v. City of Evanston, 365 N.E.2d 923 (Ill. App. Ct. 1977) (parking garage and spaces therein were not products within the product liability definition); Mastro v. Schenectady County, 74 A.D.2d 976, 976 (N.Y. App. Div. 1980) (dismissing strict liability claims against county for failure to maintain safe conditions in a municipal parking lot since it was not a product "manufactured and sold").

Plaintiffs' argument, based on Francioni v. Gibsonia Truck Corp., 372 A.2d 736 (Pa. 1997), that as lessors and owners, defendants should be held to the same standard as sellers of a product, is inapposite. As described *supra*, Pennsylvania law permits strict liability claims against a lessor who temporarily relinquishes control of property to another by lease. The central question, however, is not whether one acts as a seller, lessor, or bailor, but rather whether one transfers possession of a product, by any of these means. The provision of a parking spaces or a parking lot does not involve such a transfer, and therefore cannot be considered the sale of a product even under the expansive definition of those terms under Pennsylvania law. That the lot is "used for the promotion of consumption and commercial activity," as plaintiffs argue, cannot alter this conclusion.

Because the operation and ownership of a retail store parking lot does not constitute the sale of a product under Pennsylvania law, plaintiff's strict liability claims against defendants pursuant to Section 402A must be dismissed.

## V.  CONCLUSION

For the forgoing reasons, Defendant's Motion to Dismiss Counts III, VI, X, and XIV of the Complaint is granted.

An appropriate Order follows.